**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

**THE UNITED STATES DEPARTMENT OF TRANSPORTATION, ex rel. AUGUST W. ARNOLD, an individual,**

                **Plaintiff,**

**v.**

**AWK CONSULTING ENGINEERS, INC., CMC ENGINEERING, CONSTRUCTION AND CONSULTING SERVICES, INC., DMJM & HARRIS, ERDMAN ANTHONY, ASSOCIATES, INC., GAI CONSULTANTS, INC., GANNET-FLEMING, INC., K. B. A. ENGINEERING, P.C., L. ROBERT KIMBALL & ASSOCIATES, M.A. BEECH, MACKIN ENGINEERING, MAGUIRE GROUP, MCTISH, KUNKEL & ASSOCIATES, MICHAEL BAKER JR., INC., PARSONS, BRINKERHOFF, QUALITY ENGINEERING SOLUTIONS, SAI CONSULTING ENGINEERS, INC., SITE-BLAUVET ENGINEERS, INC., T. W. CONSULTANTS, INC., TRUMBULL CORPORATION, URBAN ENGINEERS, INC. VE ENGINEERING, INC.,**

                **Defendants**

**JURY TRIAL DEMANDED**

**No. 03-1580**

## AMENDED COMPLAINT IN CIVIL ACTION

**Thomas M. Hardiman, U.S.D.C.J**

Filed on behalf of August W. Arnold, Relator:

Counsel of Record:
James A. Ashton, Esquire
500 Lewis Run Rd Ste 227
Pittsburgh PA 15122-3048
Telephone: (412) 466-7301
Facsimile: (412) 469-9727
PA Supreme Court Id. # 11097

W. J. Helzlsouer, Esquire
302 Euclid Avenue
Dravosburg, PA 15034-1208
Telephone: (412) 469-1992
Facsimile: (412) 469-2610
e-mail: wjhlaw@helzlsouer.com
URL: www.helzlsouer.com
PA Supreme Court Id. # 17300

Jon Pushinsky Esq.
Law & Finance Bldg.
429 4th Ave., Ste. 1808
Pittsburgh PA 15219-1503
Telephone (412) 281-6800
Facsimile (412) 281-6808
Email jonpush@aol.com
PA Supreme Court Id. # 30434

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page i

# TABLE OF CONTENTS

**PAGE**

| | | |
|---|---|---|
| I. | THE FALSE CLAIMS ACT - JURISDICTION AND VENUE | 1 |
| II. | THE PARTIES -- RELATOR AND AFFILIATED ENTITIES | 2 |
| III. | DEFENDANTS AND AFFILIATED ENTITIES | 3 |
| IV. | FACTUAL BACKGROUND | 6 |
| V. | FALSE STATEMENTS IN OBTAINING CONTRACT PAYMENTS FROM PENNDOT | 10 |
| | COUNT I -- U.S. Department of Transportation v. CMC Engineering | 11 |
| | COUNT II -- U.S. Department of Transportation v. DMJM Harris, Inc. | 12 |
| | COUNT III -- U.S. Department of Transportation v. GAI Consultants, Inc. | 13 |
| | COUNT IV -- U.S. Department of Transportation v. M.A. Beech Corporation | 14 |
| | COUNT V -- U.S. Department of Transportation v. Maguire Group, Inc. | 15 |
| | COUNT VI -- U.S. Department of Transportation v. Michael Baker, Jr., Inc. | 16 |
| | COUNT VII -- U.S. Department of Transportation v. SAI Consulting Engineers, Inc. | 19 |
| | COUNT VIII -- U.S. Department of Transportation v. Site-Blauvelt Engineers, Inc. | 22 |
| | COUNT IX -- U.S. Department of Transportation v. AWK Consulting Engineers, Inc. | 23 |
| | COUNT X -- U.S. Department of Transportation v. Erdman Anthony Associates, Inc. | 24 |
| | COUNT XI -- U.S. Department of Transportation v. Gannett Fleming, Inc. | 25 |
| | COUNT XII -- U.S. Department of Transportation v. K.B.A. Engineering, P.C. | 26 |
| | COUNT XIII -- U.S. Department of Transportation v. L. Robert Kimball & Associates | 27 |
| | COUNT XIV -- U.S. Department of Transportation v. Mackin Engineering | 28 |

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page  ii

**PAGE**

**COUNT XV -- U.S. Department of Transportation v. McTish Kunkel & Associates**          **29**

**COUNT XVI -- U.S. Department of Transportation v. Parsons Brinkerhoff**          **30**

**COUNT XVII -- U.S. Department of Transportation v. Quality Engineering Solutions**          **31**

**COUNT XVIII -- U.S. Department of Transportation v. T. W. Consultants, Inc.**          **32**

**COUNT XIX -- U.S. Department of Transportation v. CCS**          **33**

**COUNT XX -- U.S. Department of Transportation v. Trumbull Corporation**          **34**

**COUNT XXI -- U.S. Department of Transportation v. Urban Engineers, Inc.**          **39**

**COUNT XXII -- U.S. Department of Transportation v. VE Engineering, Inc.**          **40**

**SIGNATURE OF COUNSEL:**          **41**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

**THE UNITED STATES DEPARTMENT OF TRANSPORTATION, ex rel. AUGUST W. ARNOLD, an individual,**
                                    **Plaintiff,**

**v.**

**AWK CONSULTING ENGINEERS, INC., ET AL.**
                    **Defendants,**

**CIVIL ACTION NO. 03-1580**

**Thomas M. Hardiman, U.S.D.C.J**

## AMENDED COMPLAINT IN CIVIL ACTION PURSUANT TO THE FALSE CLAIMS ACT TITLE 31 U.S.C. §3729

**AND NOW COMES**, the Plaintiffs The United States Department of Transportation, ex rel. August W. Arnold, an Individual, by their attorneys James A. Ashton, Esquire and William J. Helzlsouer, Esquire, and files this Complaint pursuant to the provisions of the False Claims Act (31 U.S.C Section 3729), the following is a statement thereof:

### I.      THE FALSE CLAIMS ACT - JURISDICTION AND VENUE

1.  This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims presented by Defendants to the United States Department of Transportation.  This action arises under the provisions of Title 31 U.S.C. § 3729, et seq. popularly known as the False Claims Act, which provides that the United States District Courts shall have exclusive jurisdiction over actions brought under that Act and 28 U.S.C. §1331 because this civil action arises under the laws of the United States.

2.  Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b) and (c) and § 3732(a) of the Act insofar as the Defendants can be found, reside and transact business in this District.  Venue is also proper in the Western District of Pennsylvania insofar as the acts complained of herein occurred in Allegheny County, Pennsylvania, within the Western District of Pennsylvania.

3.   As required by the False Claims Act, 31 U.S.C. § 3730(a)(2), Relator has provided to the Attorney General of the United States and to the United States Attorney for the Western District of Pennsylvania, contemporaneous with the filing of this complaint, a statement of the material evidence and information related to the complaint.  This disclosure statement supports the existence of false claims by the Defendants.

## II.    THE PARTIES -- RELATOR AND AFFILIATED ENTITIES

4.   Relator, August W. Arnold, is a citizen and resident of the Commonwealth of Pennsylvania, and institutes and prosecutes this action in the name of the United States of America, The Department of Transportation and in his own behalf, pursuant to § 3729, 3730, and 3731 of Title 31 of the United States Code.

5.   At all times relevant, Relator was employed by the Pennsylvania Department of Transportation, (hereinafter PennDOT.) Relator's duties included the making of field audits of consultants hired by the District Engineering Office.  Relator's audits revealed that almost twenty-five percent of the consultants whose billings he reviewed lacked the proper credentials, all of which resulted in overcharges to PennDOT for Consultant services. This loss constituted a misappropriation of Federal Highway Funds.

6.   The United States Department of Transportation ("USDOT"), is an agency of the United States government created by an Act of Congress on September 9, 1965 The Department of Transportation was established by an act of Congress on October 15, 1966, the Department's first official day of operation was April 1, 1967. The mission of the Department is [to]: Serve the United States by ensuring a fast, safe, efficient, accessible and convenient transportation system that meets our vital national interests and enhances the quality of life of the American people, today and into the future. 49 U.S.C § 102 (2003)

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 3

## III. DEFENDANTS AND AFFILIATED ENTITIES[1]

7.  AWK Consulting Engineers, Inc. (hereinafter AWK), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 10 Duff Road, Suite 304, Pittsburgh, PA 15235, Allegheny County, Commonwealth of Pennsylvania.

8.  CMC Engineering, (hereinafter CMC), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1035 Boyce Road, Suite 120, Upper St. Clair,  PA  15241, Allegheny County, Commonwealth of Pennsylvania.

9.  Construction and Consulting Services, Inc. (hereinafter CCS) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1121 St. Clair Plaza, Suite 1200 A, Pittsburgh, PA 15241, Allegheny County, Commonwealth of Pennsylvania.

10. DMJM Harris, Inc., (hereinafter DMJM), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at Four Gateway Center, Suite 500, Pittsburgh, PA 15222-1416, Allegheny County, Commonwealth of Pennsylvania.

11. Erdman, Anthony, Associates, Inc. (hereinafter Erdman), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at Three Crossgate Drive, Suite 100, Mechanicsburg, PA 17050-2459, Commonwealth of Pennsylvania.

12. GAI Consultants, (hereinafter GAI), Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at, 385 East Waterfront Dr, Homestead, PA 15120, Allegheny County, Commonwealth of Pennsylvania.

13. Gannett Fleming, Inc. ((hereinafter Gannett), Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with offices 601 Holiday Drive, Foster Plaza III, Suite

---

[1]The parties are listed herein in alphabetical order. The numbered counts begin with the first seven original Defendants. The additional Defendants are then listed in the counts alphabetically.

200, Pittsburgh, PA 15220, Allegheny County, Commonwealth of Pennsylvania.

14. KBA Engineering, (hereinafter KBA), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 25 S. Washington Ave., Jermyn, PA 18433, Commonwealth of Pennsylvania.

15. L. Robert Kimball & Associates, (hereinafter Kimball) is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 615 West Highland Avenue, Ebensburg, PA 15931, County of Cambria and Commonwealth of Pennsylvania.

16. Mackin Engineering Company, (hereinafter Mackin), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 117 Industry Drive Pittsburgh, PA 15275, County of Allegheny and Commonwealth of Pennsylvania.

17. M. A. Beech Corporation, (hereinafter Beech), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at One Veterans Way, Carnegie, PA  15106, Allegheny County, Commonwealth of Pennsylvania.

18. Maguire Group Inc., (hereinafter Maguire), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 503 Martindale Street, 6th floor, Pittsburgh, PA 15212-5746, County of Allegheny and Commonwealth of Pennsylvania.

19. McTish, Kunkel and Associates (hereinafter McTish), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2402 Sunshine Road, Allentown, PA 18103, Commonwealth of Pennsylvania.

20. Michael Baker Jr., Inc., (hereinafter Baker), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 100 Airside Drive, Moon Twp., PA  15108, Allegheny County, Commonwealth of Pennsylvania.

21. Parsons Brinckerhoff, (hereinafter Parsons), is a Corporation organized and existing under the laws

of the Commonwealth of Pennsylvania with its principal place of business at 1600 JFK Blvd. Suite 700, Philadelphia, PA 19103.

22. Quality Engineering Solutions, Inc., (hereinafter Quality), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 405 Water Street, P.O. Box 3004, Conneaut Lake, PA 16316 , Commonwealth of Pennsylvania.

23. SAI Consulting Engineers, Inc., (hereinafter SAI), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1400 Penn Avenue, Suite 101 Pittsburgh, PA 15222-4332, Allegheny County, Commonwealth of Pennsylvania.

24. Site Blauvelt Engineers, Inc., (hereinafter Site), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1036 Corporate Drive, Export, PA 15632, Commonwealth of Pennsylvania.

25. T.W. Consultants, Inc., (hereinafter TW) is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 5500 Corporate Drive, Suite 300, Pittsburgh, PA 15237, County of Allegheny and Commonwealth of Pennsylvania.

26. Trumbull Corporation, (hereinafter Trumbull), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1020 Lebanon Road, West Mifflin, PA 15122, County of Allegheny and Commonwealth of Pennsylvania.

27. Urban Engineers, Inc., (hereinafter Trumbull), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 530 Walnut Street, 14th Floor, Philadelphia, PA 19106-3685, Philadelphia County, Commonwealth of Pennsylvania.

28. VE Engineering, Inc., (hereinafter VE), is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 251 S Houcks Road,

Harrisburg, PA 17109-2907, Dauphin County, Commonwealth of Pennsylvania.

29. Any and all affiliated companies and entities having contracts with PennDOT, agreements with PennDOT, or providing any engineering or consultant services to PennDOT under any contractual arrangement during the relevant period.

## IV.    FACTUAL BACKGROUND

30. The Pennsylvania Department of Transportation is a Department of the Commonwealth of Pennsylvania as defined in 75 Pa.C.S. §102.

31. At all times relevant, Defendants were parties to various contracts with the Pennsylvania Department of Transportation to provide engineering, inspection and consultant services on Road, Bridge and other projects in District 11 and other construction districts of PennDOT.

32. At all times relevant, the contracts and agreements by and between PennDOT and each of the Defendants named herein were subject to, governed and administered according to specifications, including but not limited to Publication 408/2003 and amendments, issued and published by PennDOT.

33. The specifications applicable to the contracts and agreements by and between PennDOT and each of the Defendants named herein are governed by the specific provision relating to gratuities.[2]

34. From at least as early as 1992, the defendants knowingly engaged in a fraudulent scheme to obtain overpayments for engineering, inspection and consultant services for projects administered by the Pennsylvania Department of Transportation on road, bridge and highway projects funded by USDOT within the Commonwealth of Pennsylvania.

---

[2] **§105.05c) Gratuities and Penalties. Do** not give or offer, or allow agents, employees or representatives to give or offer, either directly or indirectly, money, property, entertainment, or other valuable things, to any employee or representative of the Department for any reason, purpose, or cause, or as an inducement, bribe, or reward for doing or omitting to do any act, or for showing any favor or disfavor in relation to any matter relating to the contract. Any such action will constitute a violation of the contract. Upon satisfactory proof to the Secretary of such violation, the Department may terminate performance of the work and take steps to complete the project, as specified in Section 108.08.

35. Beginning in October of 1993, and within the applicable limitation period, the Defendants were and are part and parcel of the scheme that the defendants would and did submit false claims to PennDOT in support of services rendered on road, bridge and highway projects.

36. CMC Engineering, (hereinafter CMC), was a party to Federal Project No. Q76-X111-208, Consultant Agreement 116887.

37. Construction and Consulting Services, Inc. (hereinafter CCS) was a party to Federal Project No. 35B-X111-191, Consultant Agreement 116779.

38. DMJM Harris, Inc., (hereinafter DMJM), was a party to, Federal Project No. Q05-X111-243, Consultant Agreement No. 116902, and Federal Project No. Q76-X111-196, Consultant Agreement No. 116779.

39. GAI Consultants, Inc. (hereinafter GAI), was a party to Federal Project Nos. Q05-023-9101, Consultant Agreement No. 116662, Federal Project No. Q05-X111-176, Consultant Agreement No. 116471 and 116823, Federal Project No. 320-X111-092, Consultant No. 116337, Federal Project No. OAD-X111-080, Consultant Agreement No. 116471, Federal Project No. Q05-X112-112, Consultant Agreement 116682.

40. M. A. Beech Corporation, (hereinafter Beech), was a party to Federal Project No. Q24-X114-123, Consultant No. 116888, Federal Project No. 365-0020-114, Consultant No. 116888, Federal Project No. Q24-X114-118, Consultant No.  116592, Federal Project No. Q10-1734-103, Consultant No. 116758, Federal Project No. Q10-X111-164, Consultant No. 116758, Federal Project No. Q76-X111-212, Consultant No. 116758, Federal Project No. 307-044-802, Consultant No. 116681, Federal Project No. Q24-X111-148, Consultant No. 116592, Federal Project No. Q23-X111-135, Consultant No. 116592, Federal Project No. Q24-X111-174, Consultant No. 116592.

41. Michael Baker Jr., Inc., (hereinafter Baker), was a party to Federal Project No. Q05-X111-243, Consultant Agreement 116902, Federal Project No. 35B-X111-191, Consultant Agreement 116779, Federal Project No. Q24-X111-195, Consultant Agreement 116146, Federal Project No. Q76-X111-208, Consultant Agreement 116887, Federal Project No. Q76-X111-196, Consultant Agreement 116779, Federal Project No. Q12-X111-149, Consultant Agreement 116745, Federal Project No. Q24-X111-179, Consultant Agreement 116745,

42. SAI Consulting Engineers, Inc., (hereinafter SAI), was a party to Federal Project No. Q50-X112-102, Consultant Agreement 116684, Federal Project No. Q10-X112-105, Consultant Agreement 116684, Federal Project No. Q10-X111-153, Consultant Agreement 116685.

43. AWK Consulting Engineers, Inc., DMJM & Harris, Erdman Anthony, Associates, Inc., Gannet-Fleming, Inc., K. B. A. Engineering, P.C., L. Robert Kimball & Associates, Mackin Engineering, Maguire Group, McTish, Kunkel & Associates, Parsons, Brinkerhoff, Quality Engineering Solutions, Site-Blauvelt Engineers, Inc., Trumbull Corporation, Urban Engineers, Inc. VE Engineering, Inc.,  were parties to State Contracts on Federal Projects in the Commonwealth of Pennsylvania, and were signatories to consultant agreements with PennDOT.

44. In connection with each contract referred to in paragraphs 31 through 40, an audit was performed by Relator. The audit period spanned 2000, 2001, and part of 2002. Each audit disclosed overcharges to PennDOT for services performed by Defendants by individuals who did not possess the necessary credentials or certificates for the rates of pay charges by Defendants.   A true and correct copy of each audit was attached to the original complaint is incorporated herein and marked Exhibit "A."

45. Relator believes and therefore avers that an audit of contracts between Defendant and PennDOT during the applicable limitation period beginning in October of 1993 would reveal and disclose

overcharges to PennDOT for services performed by Defendants by individuals who did not possess the necessary credentials or certificates for the rates of pay charges by Defendants.

46. Subsequent to the audits performed, PennDOT advised CMC Engineering, DMJM Harris, Inc., GAI Consultants, Inc., M. A. Beech Corporation, Maguire Group, Inc., Michael Baker Jr., Inc., SAI Consulting Engineers, Inc., Site-Blauvelt Engineers, Inc., T. W. Consultants, Inc., by letter dated April 10, 2002, that the Department was conducting a review of resumes submitted by the Defendants. A copy of the letter sent to each consultant is attached hereto, incorporated by reference, and marked Exhibit "B."

47. Relator believes and therefore avers that each of the named Defendants was and is a party to contracts and agreements with PennDOT for consulting services and construction services during the applicable period of limitation.

48. Relator believes and therefore avers that the same letter was sent to all PennDOT Consulting firms throughout the Commonwealth.

49. Relator believes and therefore avers that the letter sent to all PennDOT Consulting firms generated no negative invoices as requested therein.

50. PennDOT acknowledged the existence of the overcharges alleged herein as set forth in the press release dated July 3, 2001. A copy of the press release is attached hereto, incorporated by reference, and marked Exhibit "C."

51. As part of each and every contact and agreement by and between PennDOT and each Defendant, each Defendant was bound by the terms and conditions of the Consultant Integrity Provisions (December 20, 1991). A copy of the Consultant Integrity Provisions is attached hereto, incorporated by reference, and marked Exhibit "D."

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 10

52. As part of each and every contact and agreement by and between PennDOT and each Defendant, each Defendant was bound by the terms and conditions of the Consultant's Certification Of Non-Collusion, February, 1990. A copy of the Consultant's Certification Of Non-Collusion is attached hereto, incorporated by reference, and marked Exhibit "E."

53. As part of each and every contact and agreement by and between PennDOT and each Defendant, each Defendant was bound by the terms and conditions of the Certification Of Department Of Transportation Commonwealth Of Pennsylvania January 1999. A copy of the Certification Of Department Of Transportation Commonwealth Of Pennsylvania is attached hereto, incorporated by reference, and marked Exhibit "F."

54. As part of each and every contact and agreement by and between PennDOT and each Defendant, each Defendant was bound by the terms and conditions of the March 19 1990 Memorandum Of Howard Yerusalim Secretary Of The Department Of Transportation Commonwealth Of Pennsylvania Regarding Employment Of Relatives Of PennDOT Employees By Consultants And Contractors. A copy of the March 19 1990 Memorandum Of Howard Yerusalim Secretary Of The Department Of Transportation Commonwealth Of Pennsylvania Regarding Employment Of Relatives Of PennDOT Employees By Consultants And Contractors is attached hereto, incorporated by reference, and marked Exhibit "G."

## V.   FALSE STATEMENTS IN OBTAINING CONTRACT PAYMENTS FROM PENNDOT

55. In connection with the consultant contracts of Defendants with PennDOT, Defendants were obligated to supply services rendered by individuals possessing various credentials and certification. The payments under the contracts between Defendants and Consultants were based upon the certifications and credentials of the Defendants' employees providing services.

10

## COUNT I -- U.S. Department of Transportation v. CMC Engineering

### False Claims in the Acquisition of USDOT Financing

56. Relator hereby incorporates by reference paragraphs 1 through 55 and all allegations included therein.

57. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

   a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

   b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

   **WHEREFORE**, Relator, on behalf of herself and the United States, prays

   a.   That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

   b.   That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

   c.   That Relator be awarded all costs, including reasonable attorney fees;

   d.   That a trial by jury be held on all issues; and

   e.   That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 12

**COUNT II -- U.S. Department of Transportation v. DMJM Harris, Inc.**

**False Claims in the Acquisition of USDOT Financing**

58. Relator hereby incorporates by reference paragraphs 1 through 57 and all allegations included therein.

59. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.    submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

**PRAYER FOR RELIEF**

    **WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.    That Relator be awarded all costs, including reasonable attorney fees;

    d.    That a trial by jury be held on all issues; and

   e.   That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT III -- U.S. Department of Transportation v. GAI Consultants, Inc.

## False Claims in the Acquisition of USDOT Financing

60. Relator hereby incorporates by reference paragraphs 1 through 59 and all allegations included therein.

61. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

   a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

   b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

   **WHEREFORE**, Relator, on behalf of herself and the United States, prays

   a.   That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

   b.   That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

   c.   That Relator be awarded all costs, including reasonable attorney fees;

   d.   That a trial by jury be held on all issues; and

     e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT IV -- U.S. Department of Transportation v. M.A. Beech Corporation

## False Claims in the Acquisition of USDOT Financing

62. Relator hereby incorporates by reference paragraphs 1 through 61 and all allegations included therein.

63. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

     a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

     b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

     c.   In order to obtain USDOT financed payments from PennDOT the defendant M.A. Beech, entered into numerous contracts/purchase orders with John B. Sullivan a/k/a Jack Sullivan t/d/b/a Sullivan Sweats for the purchase of clothing and other merchandise bearing the M. A. Beech logo, all of which was an advertising sham and in fact was a bribe paid to John B. Sullivan; John B. Sullivan, a PennDOT official, Principal Assistant Construction Engineer For District 11 Of PennDOT, and a member of and chairman on a rotating basis of the Consultant Selection Committee of PennDOT for District 11; Jack Sullivan as part of his duties supervised M. A. Beech contracts and consulting services.

## PRAYER FOR RELIEF

    **WHEREFORE**, Relator, on behalf of herself and the United States, prays

     a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.   That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.   That Relator be awarded all costs, including reasonable attorney fees;

d.   That a trial by jury be held on all issues; and

e.   That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT V -- U.S. Department of Transportation v. Maguire Group, Inc.

## False Claims in the Acquisition of USDOT Financing

64. Relator hereby incorporates by reference paragraphs 1 through 63 and all allegations included therein.

65. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.      That Relator be awarded all costs, including reasonable attorney fees;

d.      That a trial by jury be held on all issues; and

e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT VI -- U.S. Department of Transportation v. Michael Baker, Jr., Inc.

## False Claims in the Acquisition of USDOT Financing

66. Relator hereby incorporates by reference paragraphs 1 through 65 and all allegations included therein.

67. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.      representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

68. At all times relevant, the contracts and agreements by and between PennDOT and each of the Defendants were subject to and administered according to the specifications issued by PennDOT and

16

published by PennDOT.

69. Provisions of the Contract and Agreement Specifications issued by PennDOT include policies and regulations dealing with contractor errors of omission or commission and/or design errors. Said regulations provide for contractors responsibility for said errors of omission or commission and/or design errors and further that said contractors are obligated to reimburse PennDOT for costs associated with contractor errors of omission or commission and/or design errors.

70. The USDOT relies on PennDOT's policies and specification in administering Federal Highway Funded Projects, and the ability and willingness of the PennDOT to enforce its own policies and rules and regulations when it awards and allocates federal funds for highway construction in the Commonwealth of Pennsylvania.

71. The Defendant, Michael Baker, entered into an agreement with the PennDOT to design a portion of state route 19 at the West End Bridge in Allegheny County, PA known as state route 19, section A21. The scope of the design work included, the location and positioning of a fiber optic cable.

72. The USDOT provided eighty (80%) percent of the funding on improvements to the West End Circle.

73. Defendant Michael Baker Company was paid to locate and position the same in fiber optic cable in its designs for the West End Circle Project.

74. Although obligated to do so, Defendant Michael Baker did not anticipate the position of the cable and the highway contractor had to drill caissons which resulted in additional cost of the project of $250,000.00.

75. As a direct and proximate result of the design error of the Defendant, Michael Baker, PennDOT incurred an additional $250,000.00 to correct design flaws of Michael Baker, for the highway construction in question.

76. PennDOT did not seek from Michael Baker the reimbursement to which it was entitled under the

contact agreements and specifications.

77. The Defendant, Michael Baker, through a pattern of illegal entertainment, gift giving, and other corrupt activities, unduly influenced key executives and employees of the PennDOT, so to as cause the forgiveness by the PennDOT of any claims it had against the Defendant, Michael Baker Company.

78. This pattern of illegal entertainment, gift giving, and other corrupt activities included but is not limited to food and alcoholic beverages, Pittsburgh Pirates Baseball Club tickets and use of the corporate box at PNC Park, golf outings at which Defendant provided green fees, cart fees, food and alcoholic beverages on a frequent and regular basis.

79. The failure to seek reimbursement of the $250,000.00 and forgiveness made by corrupted PennDOT executives was contrary to the policies and the rules and regulations of the PennDOT, and was contrary to USDOT's understanding that the PennDOT would enforce its own rules and regulations when disbursing federal highway funds.

80. As a direct and proximate result of the Defendant Michael Baker's corruption of PennDOT executives, the USDOT has sustained a loss of eighty (80%) percent of the estimated cost of the $250,000.00 due and owing to the PennDOT by Michael Baker Corporation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.    That Relator be awarded all costs, including reasonable attorney fees;

      d.     That a trial by jury be held on all issues; and

      e.     That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

**COUNT VII -- U.S. Department of Transportation v. SAI Consulting Engineers, Inc.**

**False Claims in the Acquisition of USDOT Financing**

81. Relator hereby incorporates by reference paragraphs 1 through 80 and all allegations included therein.

82. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

      a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

      b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

      c.   SAI maintained and participated in a pattern of corrupting PennDOT executives by placing on the payroll of SAI the spouse of a PennDOT executive—specifically Linda Martin, whose husband is and was at all times relevant John Martin, Asst. Construction Engineer for District 11 of PennDOT, and a member of and chairman on a rotating basis of the Consultant Selection Committee of PennDOT for District 11; John Martin, as part of his duties supervised SAI contracts and consulting services.

83. At all times relevant, the contracts and agreements by and between PennDOT and each of the Defendants were subject to and administered according to the specifications issued by PennDOT and published by PennDOT.

84. Provisions of the Contract and Agreement Specifications issued by PennDOT include policies and

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 20

regulations dealing with contractor errors of omission or commission and/or design errors. Said regulations provide for contractors responsibility for said errors of omission or commission and/or design errors and further that said contractors are obligated to reimburse PennDOT for costs associated with contractor errors of omission or commission and/or design errors.

85. The USDOT relies on PennDOT's policies and specification in administering Federal Highway Funded Projects, and the ability and willingness of the PennDOT to enforce its own policies and rules and regulations when it awards and allocates federal funds for highway construction in the Commonwealth of Pennsylvania.

86. The Defendant, SAI Corporation, entered into an agreement with the PennDOT to design a portion of state route 28, in Etna in Allegheny County, PA known as state route 28. The scope of the design work included, location of a water line and positioning of work related thereto.

87. The USDOT provided eighty (80%) percent of the funding on improvements to the State Route 28, Etna Bypass.

88. Defendant SAI Corporation Company was paid to locate the water line and position work related thereto on the State Route 28 Project.

89. The Defendant SAI Corporation did not properly locate the water line requiring additional work and extra cost in the amount of $2,200,000.00.

90. As a direct and proximate result of the design error of the Defendant, SAI Corporation, PennDOT incurred an additional $2,200,000.00 to correct the design flaws of SAI Corporation, for the highway construction in question.

91. PennDOT did not seek from SAI Corporation the reimbursement to which it was entitled under the contact agreements and specifications.

92. The Defendant, SAI Corporation, through a pattern of illegal entertainment, gift giving, and other

corrupt activities, unduly influenced key executives and employees of the PennDOT, so to as cause the forgiveness by the PennDOT of any claims it had against the Defendant, SAI Corporation Company.

93. The failure to seek reimbursement of the $2,200,000.00 and forgiveness made by corrupted PennDOT executives was contrary to the policies and the rules and regulations of the PennDOT, and was contrary to USDOT's understanding that the PennDOT would enforce its own rules and regulations when disbursing federal highway funds.

94. As a direct and proximate result of the Defendant SAI Corporation's corruption of PennDOT executives, the USDOT has sustained a loss of eighty (80%) percent of the estimated cost of the $2,200,000.00 due and owing to the PennDOT by SAI Corporation, and additional costs for the waived penalties for failure to complete the project on time.

**PRAYER FOR RELIEF**

    **WHEREFORE**, Relator, on behalf of herself and the United States, prays

        a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

        b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

        c.    That Relator be awarded all costs, including reasonable attorney fees;

        d.    That a trial by jury be held on all issues; and

        e.    That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

**COUNT VIII -- U.S. Department of Transportation v. Site-Blauvelt Engineers, Inc.**

**False Claims in the Acquisition of USDOT Financing**

95. Relator hereby incorporates by reference paragraphs 1 through 94 and all allegations included therein.

96. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

   a.  representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

   b.  submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

   c.  Site-Blauvelt maintained and participated in a pattern of corrupting PennDOT executives by placing on the payroll of Site-Blauvelt the spouse of a PennDOT executive—specifically Mona Beerbower, whose husband is and was at all times relevant Ralph Beerbower, Asst. Construction Engineer for District 11 of PennDOT, and a member of and chairman on a rotating basis of the Consultant Selection Committee of PennDOT for District 11; Ralph Beerbower, as part of his duties supervised Site-Blauvelt contracts and consulting services.

**PRAYER FOR RELIEF**

   **WHEREFORE**, Relator, on behalf of herself and the United States, prays

   a.   That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

   b.   That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 23

    c.      That Relator be awarded all costs, including reasonable attorney fees;

    d.      That a trial by jury be held on all issues; and

    e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT IX -- U.S. Department of Transportation v. AWK Consulting Engineers, Inc.

## False Claims in the Acquisition of USDOT Financing

97. Relator hereby incorporates by reference paragraphs 1 through 96 and all allegations included therein.

98. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.      representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 24

action, with interest, including the costs of the United States for its expenses related to this action;

c.       That Relator be awarded all costs, including reasonable attorney fees;

d.       That a trial by jury be held on all issues; and

e.       That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT X -- U.S. Department of Transportation v. Erdman Anthony Associates, Inc.

## False Claims in the Acquisition of USDOT Financing

99. Relator hereby incorporates by reference paragraphs 1 through 98 and all allegations included

therein.

100.     In order to obtain USDOT financed payments from PennDOT the defendants, individually and

collectively, knowingly made or caused to be made, statements which they knew or should have

known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United

States and obtaining USDOT funds, to the damage of the United States including but not limited to

the following:

a.       representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.       submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.       That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.       That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty

of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.    That Relator be awarded all costs, including reasonable attorney fees;

d.    That a trial by jury be held on all issues; and

e.    That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XI -- U.S. Department of Transportation v. Gannett Fleming, Inc.

## False Claims in the Acquisition of USDOT Financing

101.    Relator hereby incorporates by reference paragraphs 1 through 100 and all allegations included therein.

102.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.    submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.      That Relator be awarded all costs, including reasonable attorney fees;

    d.      That a trial by jury be held on all issues; and

    e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XII -- U.S. Department of Transportation v. K.B.A. Engineering, P.C.

### False Claims in the Acquisition of USDOT Financing

103.    Relator hereby incorporates by reference paragraphs 1 through 102 and all allegations included therein.

104.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.      representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.    That Relator be awarded all costs, including reasonable attorney fees;

    d.    That a trial by jury be held on all issues; and

    e.    That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XIII -- U.S. Department of Transportation v. L. Robert Kimball & Associates

## False Claims in the Acquisition of USDOT Financing

105.    Relator hereby incorporates by reference paragraphs 1 through 104 and all allegations included therein.

106.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.    submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.     That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.     That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.     That Relator be awarded all costs, including reasonable attorney fees;

d.     That a trial by jury be held on all issues; and

e.     That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XIV -- U.S. Department of Transportation v. Mackin Engineering

## False Claims in the Acquisition of USDOT Financing

107.   Relator hereby incorporates by reference paragraphs 1 through 106 and all allegations included therein.

108.   In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.     representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.     submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.      That Relator be awarded all costs, including reasonable attorney fees;

    d.      That a trial by jury be held on all issues; and

    e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XV -- U.S. Department of Transportation v. McTish Kunkel & Associates

## False Claims in the Acquisition of USDOT Financing

109.    Relator hereby incorporates by reference paragraphs 1 through 108 and all allegations included therein.

110.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.      representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a. That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b. That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c. That Relator be awarded all costs, including reasonable attorney fees;

d. That a trial by jury be held on all issues; and

e. That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XVI -- U.S. Department of Transportation v. Parsons Brinkerhoff

## False Claims in the Acquisition of USDOT Financing

111. Relator hereby incorporates by reference paragraphs 1 through 110 and all allegations included therein.

112. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a. representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b. submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

Case 2:03-cv-01580-CB   Document 30   Filed 01/06/06   Page 34 of 44

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 31

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.    That Relator be awarded all costs, including reasonable attorney fees;

    d.    That a trial by jury be held on all issues; and

    e.    That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XVII -- U.S. Department of Transportation v. Quality Engineering Solutions

## False Claims in the Acquisition of USDOT Financing

113.    Relator hereby incorporates by reference paragraphs 1 through 112 and all allegations included therein.

114.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.    submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

31

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.   That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.   That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.   That Relator be awarded all costs, including reasonable attorney fees;

d.   That a trial by jury be held on all issues; and

e.   That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XVIII -- U.S. Department of Transportation v. T. W. Consultants, Inc.

### False Claims in the Acquisition of USDOT Financing

115.   Relator hereby incorporates by reference paragraphs 1 through 114 and all allegations included therein.

116.   In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.   representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.   submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a. That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b. That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c. That Relator be awarded all costs, including reasonable attorney fees;

d. That a trial by jury be held on all issues; and

e. That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

**COUNT XIX -- U.S. Department of Transportation v. Construction Consultant Service, Inc.**

**False Claims in the Acquisition of USDOT Financing**

117. Relator hereby incorporates by reference paragraphs 1 through 116 and all allegations included therein.

118. In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a. representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b. submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

**PRAYER FOR RELIEF**

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

    a.    That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

    b.    That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

    c.    That Relator be awarded all costs, including reasonable attorney fees;

    d.    That a trial by jury be held on all issues; and

    e.    That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XX -- U.S. Department of Transportation v. Trumbull Corporation

## False Claims in the Acquisition of USDOT Financing

119.    Relator hereby incorporates by reference paragraphs 1 through 118 and all allegations included therein.

120.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

    a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

    b.    submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates

knowing that the individuals were lacking the necessary credentials and certificates;

121.    At all times relevant, the contracts and agreements by and between PennDOT and each of the Defendants were subject to and administered according to the specifications issued by PennDOT and published by PennDOT.

122.    Provisions of the Contract and Agreement Specifications issued by PennDOT include policies and regulations dealing with contractor errors of omission or commission and/or design errors. Said regulations provide for contractors responsibility for said errors of omission or commission and/or design errors and further that said contractors are obligated to reimburse PennDOT for costs associated with contractor errors of omission or commission and/or design errors. Section 107.14 of the specifications set forth the requirements for damage claim responsibility.[3]

123.    The USDOT relies on PennDOT's policies and specification in administering Federal Highway Funded Projects, and the ability and willingness of the PennDOT to enforce its own policies and rules and regulations when it awards and allocates federal funds for highway construction in the Commonwealth of Pennsylvania.

124.    Although obligated to do so, Defendant Trumbull Corporation did not fulfill a contractual obligation to locate an underground utility facility which resulted in additional cost of the project of $2,200,000.00. Section 105.60 of the Specifications sets forth the requirements for investigating and locating facilities and structures on projects.[4]

---

[3] **107.14 RESPONSIBILITY FOR DAMAGE CLAIMS**—Furnish insurance certificate(s), as specified in Section 103.05, to indemnify and save harmless the State, the Department, and all of its officers and employees from all suits, actions, or claims of any character, name, and description, brought for or on account of any injuries or damages received or sustained by any person, persons, or property during the performance of work by the Contractor, whether the same is due to the use of defective material, defective workmanship, neglect in safeguarding the work or public interests, or by or on account of any act, omission, neglect, or misconduct of the Contractor, or any Subcontractors, Fabricators, Manufacturers, or Vendors.
Also indemnify and save harmless the State, the Department, and all of its officers and employees from cases arising as specified in Sections 105.05 and 107.16, or from any claims for amounts arising or recovered under the Workers' Compensation Law, or any other law, bylaw, ordinance, order, or decree. Specifications §107.14.
[4] Investigate the location of public and private facilities and structures m, under, or over the project site and all waste and borrow

125.     The Defendant, Trumbull Corporation, entered into an agreement with the PennDOT to construct a portion of state route 28, in Etna in Allegheny County, PA known as state route 28. The scope of the construction work included, location of a water line and positioning of work related thereto.

126.     The USDOT provided eighty (80%) percent of the funding on improvements to the State Route 28, Etna Bypass.

127.     Under the terms of the contract with PennDOT and pursuant to the contract specifications published by PennDOT, Defendant Trumbull Corporation Company was paid as part of the contract to locate the water line and position work related thereto on the State Route 28 Project.

128.     The Defendant Trumbull Corporation did not properly locate the water line requiring additional work and extra cost in the amount of $2,200,000.00.

129.     As a direct and proximate result of the Defendant Trumbull Corporation's failure to locate the waterline, PennDOT incurred an additional $2,200,000.00 to correct failure of Trumbull Corporation, for the highway construction in question. In addition, PennDOT waived a $30,000.00 daily penalty for not finishing on time.

130.     PennDOT did not seek from Trumbull Corporation the reimbursement to which it was entitled under the contact agreements and specifications.

131.     The Defendant, Trumbull Corporation, through a pattern of illegal entertainment, gift giving, and other corrupt activities, unduly influenced key executives and employees of the PennDOT, so to as cause the forgiveness by the PennDOT of any claims it had against the Defendant, Trumbull Corporation Company.

---

areas not on the project site to determine whether such facilities and structures might or might not require placement, replacement, relocation, adjustment, or reconstruction and whether they might interfere with operations performed under this contract. The Department has indicated on the drawings such facilities and structures as have been brought to its attention, but such indications will not relieve the Contractor of any responsibility under this section. Specifications §107.60.

132.   The failure to seek reimbursement of the $2,200,000.00 and forgiveness made by corrupted PennDOT executives was contrary to the policies and the rules and regulations of the PennDOT, and was contrary to USDOT's understanding that the PennDOT would enforce its own rules and regulations when disbursing federal highway funds.

133.   As a direct and proximate result of the Defendant Trumbull Corporation's corruption of PennDOT executives, the USDOT has sustained a loss of eighty (80%) percent of the estimated cost of the $2,200,000.00 due and owing to the PennDOT by Trumbull Corporation, and additional costs for the waived penalties for failure to complete the project on time.

134.   At all times relevant, the contracts and agreements by and between PennDOT and each of the Defendants were subject to and administered according to the specifications issued by PennDOT and published by PennDOT.

135.   Provisions of the Contract and Agreement Specifications issued by PennDOT require that the contracting agency provide fire and casualty insurance covering the equipment of PennDOT, the contracting agency and other contractors working on the project. PennDOT is to be a named insured on the policies issued. Said Contractors are obligated to reimburse PennDOT for costs associated fire and casualty events which are the responsibility of the contactors.

136.   The USDOT relies on PennDOT's policies and specification in administering Federal Highway Funded Projects, and the ability and willingness of the PennDOT to enforce its own policies and rules and regulations when it awards and allocates federal funds for highway construction in the Commonwealth of Pennsylvania.

137.   The Defendant, Trumbull Corporation, entered into an agreement with the PennDOT to do construction and renovation of the Fort Pitt Tunnel and portal in Pittsburgh, Allegheny County.

138.   The USDOT provided eighty (80%) percent of the funding on improvements to the Fort Pitt

USDOT & Arnold v. AWK Consulting Engineers, Inc., et al.
NO. 03-1580; Amended Complaint;
6-Jan-06; 3:26 PM page 38

Tunnel.

139.    In May of 2003 construction equipment owned by Trumbull Corporation caught fire during the tunnel's renovation in May 2003 causing substantial damage to the Fort Pitt Tunnel and portal in an amount in excess of $2,000.000.00 .

140.    Trumbull Corporation, although responsible for the damage participated in and was paid  by PennDOT for the fire damage: $475,000. In addition, PennDOT waived completion requirements and penalties, and paid Trumbull Corporation a $1,500,000.00 early completion bonus.

141.    PennDOT did not seek from Trumbull Corporation the reimbursement for damages to which it was entitled under the contact agreements and specifications.

142.    The Defendant, Trumbull Corporation, through a pattern of illegal entertainment, gift giving, and other corrupt activities, unduly influenced key executives and employees of the PennDOT, so to as cause the forgiveness by the PennDOT of any claims it had against the Defendant, Trumbull Corporation Company.

143.    The failure to seek reimbursement of the $2,000,000.00, payment of $475,000.00 and forgiveness made by corrupted PennDOT executives was contrary to the policies and the rules and regulations of the PennDOT, and was contrary to USDOT's understanding that the PennDOT would enforce its own rules and regulations when disbursing federal highway funds.

144.    As a direct and proximate result of the Defendant Trumbull Corporation's corruption of PennDOT executives, the USDOT has sustained a loss of eighty (80%) percent of the estimated cost of the $1,500,000.00 bonus improperly paid to Trumbull Corporation and due and owing to PennDOT by Trumbull Corporation, and additional costs for the waived penalties for failure to complete the project on time, and damages which should under the terms and condition of the agreement with PennDOT should have been covered by insurance which was the responsibility of

Trumbull Corporation.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a. That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b. That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c. That Relator be awarded all costs, including reasonable attorney fees;

d. That a trial by jury be held on all issues;

e. repayment of $475,000.00;

f. repayment of the $1,500, 000.00 early completion bonus; and

g. $2,200,000.00 damages sustained to the Liberty Tunnel and portal which amount was expended to make repairs.

## COUNT XXI -- U.S. Department of Transportation v. Urban Engineers, Inc.

## False Claims in the Acquisition of USDOT Financing

133.    Relator hereby incorporates by reference paragraphs 1 through 144 and all allegations included

therein.

134.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and

collectively, knowingly made or caused to be made, statements which they knew or should have

known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United

States and obtaining USDOT funds, to the damage of the United States including but not limited to

the following:

a.    representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.      That Relator be awarded all costs, including reasonable attorney fees;

d.      That a trial by jury be held on all issues; and

e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## COUNT XXII -- U.S. Department of Transportation v. VE Engineering, Inc.

## False Claims in the Acquisition of USDOT Financing

135.    Relator hereby incorporates by reference paragraphs 1 through 146 and all allegations included therein.

136.    In order to obtain USDOT financed payments from PennDOT the defendants, individually and collectively, knowingly made or caused to be made, statements which they knew or should have known to be false to PennDOT and by extension to USDOT for the purpose of defrauding the United States and obtaining USDOT funds, to the damage of the United States including but not limited to the following:

a.      representing to PennDOT and USDOT that the services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

b.      submitting invoices for services rendered based upon charges for services supplied were performed by individuals possessing the credentials and certificates knowing that the individuals were lacking the necessary credentials and certificates;

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of herself and the United States, prays

a.      That this Court order the defendants cease and desist from violating 31 U.S.C. § 3729;

b.      That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States for its expenses related to this action;

c.      That Relator be awarded all costs, including reasonable attorney fees;

d.      That a trial by jury be held on all issues; and

e.      That the United States and the Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## JURY TRIAL DEMANDED

Dated:  January 6, 2006

Respectfully submitted,

*James A. Ashton*
James A. Ashton, Esquire
**PA Supreme Court Id. # 11097**

*Jon Pushinsky*
Jon Pushinsky, Esquire
PA Supreme Court Id. # 30434

*W. J. Helzlsouer*
W. J. Helzlsouer, Esquire
PA Supreme Court Id. # 17300

Attorneys for Relator, August W. Arnold