IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES DEPARTMENT OF TRANSPORTATION, ex rel. AUGUST W. ARNOLD, an individual, | |
| Plaintiff, | Case No. 03-1580 |
| v. | |
| CMC ENGINEERING, ERDMAN ANTHONY ASSOCIATES, INC., L. ROBERT KIMBALL & ASSOCIATES, M.A. BEECH, MACKIN ENGINEERING, MCTISH, KUNKEL & ASSOCIATES, MICHAEL BAKER JR., INC., SAI CONSULTING ENGINEERS, INC., and VE ENGINEERING, INC., | The Honorable Gary L. Lancaster  **ELECTRONICALLY FILED** |
| Defendants. | |

## OMNIBUS DISCOVERY ORDER
## RESOLVING OUTSTANDING DISCOVERY ISSUES
## (DEFENDANT MICHAEL BAKER JR., INC.)

WHEREAS, on April 27, 2011, this Court, upon receipt of numerous discovery motions, entered its ORDER directing that "the parties in this case, either individually or in concert, shall file within 14 days a proposed order which resolves all of the pending discovery disputes;" and further, that "the Court will sign, without modification, the one proposed order, which in the judgment of the Court, is the most reasonable under the circumstances."

Defendant Michael Baker, Jr. ("Baker") hereby submits the following proposed ORDER for the Court's consideration:

1.    Defendant Baker had already informally agreed to extend discovery for a short period of time upon Relator's request. Baker does not object to Relator's further Request for Extension of Discovery for an additional 60 days, until July 11, 2011, so that Relator's counsel

may have additional opportunity to support the specific enumerated claims in his Third Amended Complaint. Said Motion is therefore,

**GRANTED.**

2. Defendants' Motion for Relator to produce additional documents is withdrawn, in light of the parties having resolved this dispute informally. Said motion is therefore,

**DENIED AS MOOT.**

3. For purposes of discovery only, with respect to questioning in depositions of all defendants' 30(b)(6) designees, Baker withdraws its objections to questions about events and occurrences anytime during the six-year statute of limitations period, 31 U.S.C. § 3731(b)(1). Baker similarly withdraws its objections to questioning in such depositions about events and occurrences outside of the geographical area circumscribed by PennDOT District 11. Evidence from that entire time period and the entire Commonwealth of Pennsylvania may be relevant to the specific enumerated claims in Relator's Third Amended Complaint. Said motion is therefore,

**DENIED AS MOOT.***

[*Relator has not moved to compel production of documents from the broader time period or the wider geographical scope described immediately above. To the extent documentary evidence from that broader time period or wider geographical scope may be relevant to the specific enumerated claims in Relator's Third Amended Complaint, Baker also withdraws its objections to their production, for discovery purposes only.]

4. Relator has had four opportunities to state his claims over the eight-year period during which his complaints have been pending. Relator's claims survived defendants' Rule 9(b) specificity challenges because of the specificity of his allegations about named contracts and parts, and the employees working under them. Accordingly, Relator should have the opportunity to conduct discovery encompassing – but no broader than – all information in any way related to the specific enumerated claims in his Third Amended Complaint (i.e., the specific contract parts and named employees working under them, which Relator himself has alleged.) These are the claims for which he may be an "Original Source" for purposes of the False Claims Act. Defendant Baker's Motion for Protective Order (Dkt. No. 349), restricting discovery to the specific enumerated contract parts and named employees working under them, is hereby,

**GRANTED.**

5. Defendant Baker has offered to produce a number of documents containing confidential, non-public information. It has made these documents available to Relator for inspection (and he and his legal team have inspected Baker's documents at its counsel's office). Prior to producing them, Baker has requested that Relator agree to entry of a standard form of protective order to ensure that non-public materials properly designated as confidential (such as materials containing sensitive personal information about individual employees, trade secrets, pricing information, and business processes) are not disclosed to the public. Relator has been unwilling to agree to this request. This Court finds that Defendant Baker's routine request for entry of a Protective Order permitting it to designate as confidential "the non-public personal information" and "the confidential business information of the Parties" is consistent with this Court's Order in *Lehman Brothers Holdings, Inc. v. Equity Resources, Inc.*, 2009 WL 2246236

(W.D. Pa. July 27, 2009) (Lancaster, J.) (attached hereto as Exhibit A). Defendant Baker's Request is therefore,

**GRANTED.**

It is further **ORDERED** that the parties shall jointly submit a stipulated protective order to the Court in the form approved in *Lehman Brothers*.

IT IS ORDERED.

5/13/11
Date

/s/
U.S. District Judge