IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES DEPARTMENT OF )
TRANSPORTATION, ex rel. )
AUGUST W. ARNOLD, )
 )
    Plaintiffs, )
 ) Civil Action No. 03-1580
  v. )
 )
CMC ENGINEERING, et al., )
 )
    Defendants. )

ORDER

Before the court is plaintiffs' motion for reconsideration and/or clarification of the omnibus discovery order. [Doc. No. 365]. This motion IS HEREBY GRANTED to the extent that the court now provides the following clarifications:

On April 27, 2011, the court directed the parties to file "a proposed order which resolves <u>all</u> of the pending discovery disputes." [Doc. No. 353]. The parties ignored the court's directive and instead filed proposed orders that resolved their individual disputes. The court granted defendant Baker's proposed order without modification, as it was the most reasonable under the circumstances, and stated that all other outstanding discovery motions were rendered moot. The court believed that the implication was clear that its omnibus

discovery order [Doc. No. 363] applied to all parties, not just defendant Baker.

Paragraph 3 of the omnibus discovery order clearly permits plaintiffs to ask questions "in depositions of all defendants' 30(b)(6) designees" about any events and occurrences within the six-year statute of limitations period throughout the Commonwealth of Pennsylvania.

Paragraph 4 of the omnibus discovery order clearly permits plaintiffs to conduct discovery of all information "in any way related" to the claims contained in their Third Amended Complaint. Defendant Baker's examples of what constitutes information related to the claims contained in the Third Amended Complaint are not determinative. The claims enumerated in the Third Amended Complaint speak for themselves. If the discovery request is "in any way related" to the claims in the Third Amended Complaint, then plaintiffs are entitled to such discovery. The omnibus discovery order was clearly limited to discovery, and plaintiffs' contention that the court took a position on substantive issues in entering its omnibus discovery order is unfounded.

With respect to Paragraph 5 of the omnibus discovery order, there is nothing unreasonable about the court's determination that the parties should protect from disclosure

the non-public personal information of persons involved in this matter. Plaintiffs' objections are without merit.

Finally, this court notes that this case is over 7 years old and it expects the parties to complete discovery by July 11, 2011 without any further court intervention.

BY THE COURT:

_____, C.J.
5/26/11

cc: All Counsel of Record