IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES DEPARTMENT OF TRANSPORTATION, ex rel. AUGUST W. ARNOLD, an individual,<br>Plaintiff,<br>v.<br>AWK CONSULTING ENGINEERS, INC., CMC ENGINEERING, CONSTRUCTION AND CONSULTING SERVICES, INC., DMJM & HARRIS, ERDMAN ANTHONY, ASSOCIATES, INC., GAI CONSULTANTS, INC., GANNETT-FLEMING, INC., K.B.A. ENGINEERING, P.C., L. ROBERT KIMBALL & ASSOCIATES, M.A. BEECH, MACKIN ENGINEERING, MAGUIRE GROUP, MCTISH, KUNKEL & ASSOCIATES, MICHAEL BAKER JR., INC., PARSONS, BRINKERHOFF, QUALITY ENGINEERING SOLUTIONS, SAI CONSULTING ENGINEERS, INC., SITE-BLAUVET ENGINEERS, INC., T.W. CONSULTANTS, INC., TRUMBULL CORPORATION, URBAN ENGINEERS, INC., VE ENGINEERING, INC.,<br>Defendants. | No. 03-1580<br><br>Honorable Gary L. Lancaster |

**STIPULATED PROTECTIVE ORDER REGARDING
DISCLOSURE OF PRIVILEGED DOCUMENTS AND
<u>BUSINESS SENSITIVE INFORMATION</u>**

Plaintiff, The United States Department of Transportation, ex rel. August W. Arnold, an individual, ("Arnold" or "Party"), and Defendant, SAI Consulting Engineers, Inc.("SAI" or

"Party") (collectively, "the Parties"), through their counsel, hereby stipulate and agree, subject to the approval of this Court as follows:

1. SAI has in its custody, control, or possession a large quantity of documents that may be relevant to this litigation. These documents include or may include matters subject to the Attorney-Client Privilege or Attorney Work Product Rule, personal or private information about past or present employees, business-sensitive information about business activities and operations and third-party business-sensitive or proprietary information.

2. To date, SAI intends to produce to Plaintiff thousands of documents in discovery requested by Plaintiff. SAI has made, and continues to make, every feasible effort to avoid inadvertent release of sensitive or privileged information.

3. Plaintiff has produced and may produce in the future documents that include or may include matters subject to the Attorney-Client Privilege or Attorney Work Product Rule, personal or private information about past or present employees, business-sensitive information about business activities and operations, third-party business-sensitive or proprietary information and that are subject to confidentiality agreements.

3. Due to the large volume of data in the custody, control, or possession of SAI, and the numerous concerns regarding privacy, privilege, and business sensitivity accompanying SAI's and Plaintiff's disclosure of relevant material to each other, the Parties have agreed to enter into this clawback agreement both to expedite and facilitate production of documents and to protect against inadvertent disclosures.

4. This agreement shall be without prejudice to the right of either Party to bring before the Court at any time the question of whether any particular document or information or file is properly classified as privileged or business sensitive.

5. This order is entered solely for the purpose of facilitating the production of documents and information between the Parties without involving the Court unnecessarily in the process. Nothing in this order nor the production of any information or document under the terms of the order nor any proceedings pursuant to this order shall be deemed: (1) to have the effect of an admission or waiver by either Party; or (2) to alter the confidentiality or non-confidentiality of any such document or information; or (3) to alter any existing obligation of the Parties or the absence thereof.

6. Failure of either Party to properly designate confidential information, personal information, privileged information or business sensitive or business proprietary information when produced shall not be deemed to constitute a waiver of the protected nature of the document or information.

7. Any inadvertent disclosure of privileged documents, whether Attorney-Client or Attorney Work Product, shall not constitute a waiver of that privilege or of the subject matter of those documents.

8. If either Party discovers a document that appears to be subject to Attorney-Client Privilege, Attorney Work Product Rule or confidentiality agreement, it will immediately notify the other Party of the Bates numbers of the document.

9. The Parties agree to return any privileged or confidential material inadvertently disclosed immediately upon notice of such disclosure by the opposing Party. The original documents will be returned and no copies will be made of inadvertently disclosed materials.

10. In no case shall either Party permit a third party to obtain or retain a copy of any document containing privileged information.

11. Sensitive business information includes confidential information of SAI or third parties including restrictively marked information, trade secrets, processes, operations, style of work, apparatus, confidential statistical data, amount or source and other matters.

12. To facilitate production and to protect the Parties from inadvertent disclosure of the Parties' or third-party proprietary information, the Parties agree that if either Party discovers material that appears to contain the Parties' or third party business-sensitive or confidential information, it will immediately notify the other Party of the Bates numbers of the document. Further, the Parties will immediately return to the opposing Party any documents (and all copies) that appear to contain the Parties' or third party business-sensitive information.

13. The Parties will not use, distribute or copy these documents for any reason but shall return them to the opposing Party. In no case shall either Party permit a third party to obtain or retain a copy of any Party or third party business sensitive or confidential information unless that release has been authorized by the Party and/or the third party.

14. If a Party believes a document containing Party or third party business sensitive or confidential information is responsive to a discovery request, the Party shall notify the opposing Party of this in a letter accompanying the return of the document. The opposing Party will

attempt to arrange with any third party appropriate safeguards for the release of a third party document.

15. Inadvertent disclosure of any Party or third party business sensitive or confidential documents shall not constitute a waiver of any relevant privilege or protection relating to those documents.

SO STIPULATED:

Attorney for Plaintiff,
United States Department of Transportation,
ex rel. August W. Arnold, an individual

Dated: 10/25/11

By: _____
Jon Pushinsky, Esquire

Attorney for Defendant,
SAI Consulting Engineers, Inc.

Dated: 10/25/11

By: _____
James R. Hankle, Esquire

APPROVED AND SO ORDERD:

BY THE COURT:

Dated: __10/26/11__  _____ J.
Gary L. Lancaster,
Chief United States District Judge